**Keith D. Karnes**, Oregon State Bar ID #03352
keith@keithkarnes.com
Karnes Law Offices
1860 Hawthorne Ave NE Ste 10
Salem, OR 97301
Telephone (503) 385-8888
Fax (503) 385-8899

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Raymond Drake,

Plaintiff,

v.

Enhanced Recovery Company, LLC

Defendant.

Case No._____________

COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT; FAIR CREDIT REPORTING ACT; DEFAMATION; AND FRAUD

JURY REQUESTED

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"); and other common law claims.

3. Venue is proper in this District because the acts and transactions occurred and the plaintiff resides in this district.

PARTIES

4. Plaintiff Raymond Drake (hereinafter "Plaintiff") is a natural person who in Salem, Oregon and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

5. Enhanced Recovery Company, LLC (hereinafter "Defendant") is a Florida Limited Liability Company, licensed to conduct business in the State of Oregon and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

FACTUAL ALLEGATIONS

6. Upon information and belief another person named Raymond Drake who lived in California, incurred a debt to AT&T for personal use ("The Debt").

7. Upon information and belief The Debt incurred by Raymond Drake to AT&T was unpaid and Defendant began collecting The Debt after it was alleged to be in default.

8. In 2015 Plaintiff was contacted by Defendant in an attempt to collect the debt Defendant alleges is owed to AT&T.

9. Plaintiff informed Defendant he did not owe the Debt.

10. Despite Plaintiff informing Defendant that he did not owe the Debt, Defendant continued to attempt to collect from Plaintiff.

11. During Defendant's collection attempts, after Defendant was informed that Plaintiff did not incur The Debt, Defendant's employees asked Plaintiff for his social security number to verify that The Debt was not owed by Plaintiff.

12. Plaintiff relied on Defendant's statement that it would use his social security

number to verify that he did not owe The Debt.

13. Plaintiff provided his social security number which did not match that of the person who incurred The Debt.

14. Defendant continued to attempt to collect The Debt from Plaintiff.

15. Defendant used Plaintiff's social security number to access Plaintiff's credit report.

16. Defendant had no permissible purpose to view Plaintiff's credit report.

17. Defendant used Plaintiff's social security number to make a written report to one or more consumer reporting agency that Plaintiff owed The Debt to Defendant.

18. Defendant's report to the consumer reporting agencies after Defendant had actual knowledge that Plaintiff did not owe The Debt was malicious.

19. Due to the report that Defendant made to the consumer reporting agencies Plaintiff has been denied credit.

20. As a direct and proximate result of the Defendant's actions Plaintiff has suffered actual damages in the form of impaired credit, emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

## TRIAL BY JURY

21. The plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as thoughtfully stated herein.

23. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1).

24. As a result of the defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

COUNT II.

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681 *et seq*.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as thoughtfully stated herein.

26. Defendant willfully failed to comply with the requirements of 15 U.S.C. § 1681b(f) and 1681q.

27. As a result of Defendant's violations of the FCRA, plaintiff has suffered damages, including worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

28. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n(a).

29. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

COUNT III.

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681o

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant negligently failed to comply with the requirements of 15 U.S.C. § 1681b(f) and 1681q.

32. As a result of Defendant's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

33. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(a).

COUNT IV

DEFAMATION

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant intended to publish information it knew was false when it reported to consumer reporting agencies that Plaintiff owed The Debt to Defendant.

36. Defendant's publication was malicious.

37. Plaintiff was harmed by Defendant's false statements by his inability to obtain financing.

38. As a result of Defendant's conduct Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation,

worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

COUNT V

FRAUD

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant's statement that it would use Plaintiff's social security number to verify that Plaintiff did not owe the Debt was false and was made to induce Plaintiff into giving his social security number to allow Defendant to review Plaintiff's credit report and report to consumer reporting agencies that Plaintiff owed The Debt.

41. Plaintiff believed that Defendant would only use his social security number to verify that he did not owe The Debt.

42. As a result of Defendant's false statements, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

A. On Plaintiffs' First Claim for Relief for violations of the FDCPA against Defendant.

a) Actual damages in an amount to be determined by the jury;

b) Statutory damages in an amount to be determined by the Court; and,

c) Attorney fees and costs.

B. On Plaintiffs' Second Claim for Relief for willful violations of the FCRA against Defendant.

a) Actual damages in an amount to be determined by the jury;

b) Punitive damages in an amount to be determined by the jury; and,

c) Attorney fees and costs.

C. On Plaintiffs' Third Claim for Relief for negligent violations of the FCRA against Defendant.

a) Actual damages in an amount to be determined by the jury; and,

b) Attorney fees and costs.

D. On Plaintiffs' Fourth Claim for Relief for defamation against Defendant.

a) Actual damages in an amount to be determined by the jury; and,

b) Punitive damages in an amount to be determined by the jury;

E. On Plaintiffs' Fifth Claim for Relief for fraud against Defendant.

a) Actual damages in an amount to be determined by the jury; and

b) Punitive damages in an amount to be determined by the jury;

DATED: October 6, 2015

/s/ Keith D. Karnes
Keith D. Karnes
OSB # 03352
(503) 385-8888
Attorney for Plaintiff