IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RAYMOND DRAKE,

    Plaintiff,

vs.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

Case No. 6:15-cv-01899
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Raymond Drake brought suit against defendant Enhanced Recovery Company, LLC ("ERC") for, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA"). (doc. 1). Defendant now moves for summary judgment on all claims. (doc. 27). In the alternative, defendant also moves for summary judgment on (1) all portions of plaintiff's claims that are factually unsupported or otherwise fail as a matter of law; (2) defendant's bona fide error defense; and (3) plaintiff's claims for "credit denial" damages and punitive damages. For the reasons set forth herein, defendant's Motion for Summary Judgment is GRANTED.

/ / /

## BACKGROUND

This suit arises from a case of mistaken identity. In March 2015, a delinquent AT&T account ("the Account") belonging to a Raymond Drake, not the plaintiff, was placed with defendant for collection.[1] The information defendant received with the placement included the amount owed on the Account ($98), the debtor's name (Raymond Drake), and the debtor's address (Los Angeles, California). Defendant did not receive the debtor's social security number, date of birth, or any additional identifying information from AT&T, nor did defendant obtain this information from another source, or possess other such information.

Pursuant to its standard procedures, defendant submitted to one of the consumer reporting agencies ("CRAs") the name and address information it received with the placement, as part of a "scrub" process. The purpose of the "scrub" process is to obtain from the CRAs the most current and accurate contact information on the debtor. When defendant submitted the name Raymond Drake and the past address it had received from AT&T, the CRA informed defendant that the most likely contact information for the debtor was the plaintiff who lived in Salem, Oregon.

On March 12, 2015, defendant initiated contact with plaintiff in an effort to collect on the Account. On March 23, 2015, plaintiff informed defendant by telephone that he received the March 12 letter but that defendant had contacted the wrong Raymond Drake. Defendant noted the Account as "disputed" in its internal files. The next day, on March 24, 2015, defendant received a letter from plaintiff further formally disputing the validity of the Account. On March 26, 2015, defendant responded to the letter, treating it as a verification request pursuant to 15 U.S.C. § 1692g(a)(4), by sending plaintiff a summary of charges on the Account and billing

---

[1] Plaintiff is a resident of Salem, Oregon, and defendant is a Florida Limited Liability Company licensed to conduct business in the State of Oregon and is a debt collection business.

statement by AT&T. On April 6, 2015, plaintiff responded to the letter with a phone call to defendant, informing them that the Account was not his. Defendant informed plaintiff that it would not direct any further collection attempts on the Account to him.

Defendant admits to reporting the Account as "disputed" on April 26, 2015, to the CRAs. On August 2, 2015, defendant requested that the CRAs delete this information regarding the Account.

Plaintiff filed this lawsuit on October 7, 2015, asserting claims for (1) violation of the FDCPA; (2) willful violation of the FCRA; (3) negligent violation of the FCRA; (4) defamation; and (5) fraud.[2] Plaintiff alleges that he was damaged in the form of denial of credit and emotional distress, anger, anxiety, worry, frustration, and other "negative emotions." Plaintiff also seeks punitive damages. Defendant filed the present Motion for Summary Judgment on June 23, 2017. After an extended briefing schedule, I heard oral argument on January 16, 2018.[3]

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict

---

[2] In plaintiff's response to defendant's Motion for Summary Judgment, plaintiff withdrew his fraud claim.

[3] At oral argument, I encouraged the parties to pursue settlement negotiations. I have given the parties ample time to seek mediation with a District settlement Judge, but they have not done so.

in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

Plaintiff asserts three categories of claims: (1) claims under the FDCPA, (2) claims under the FCRA, and (3) tort claims including defamation and fraud. Defendant also asserts a bona fide error defense and moves for summary judgment on plaintiff's claims for damages. I discuss each issue in turn.

### I. *FDCPA Claims*

Defendant moves for summary judgment on plaintiff's claims that defendant violated various provisions of the FDCPA, including 15 U.S.C. § 1692e and § 1692f. Specifically, defendant claims that it did not violate § 1692e because it did not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Additionally, defendant claims it did not violate § 1692f because it did not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

#### A. *§ 1692e*

Section 1692e of the FDCPA generally prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes (as alleged by plaintiff in his complaint): "[t]he false representation of . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); "[c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," §1692e(8); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," §1692e(10)

Plaintiff alleges that defendant violated the above sections by reporting the Account to the CRAs after plaintiff disputed it. Defendant admits that it made a single report to the CRAs which it later requested be deleted. Namely, it reported that the Account was disputed. Defendant argues, however, that this did not constitute the use of any false, deceptive, or misleading representation or means in connection with the collection of the debt.

A debt collector's liability under the FDCPA is an issue of law. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011). Generally, conduct that is not taken in connection with the collection of a debt is not covered under the FDCPA. *Narog v. Certegy Check Servs., Inc.*, 759 F. Supp. 2d 1189, 1193 (N.D. Cal. 2011).

In the Ninth Circuit, a false or misleading representation is not actionable under the FDCPA unless it is "material." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("False but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [§ 1692e]."). The law is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 1034.

Here, the reporting of the Account to the CRAs was not in connection to the collection of the Account. The recipient of the alleged "false, deceptive, or misleading representation" was not the debtor, but rather, the CRAs. Moreover, defendant did not violate § 1692e because the information conveyed to the CRAs was not actually "false, deceptive, or misleading." The information conveyed was simply that the Account was "disputed," which was in fact true. Finally, the representation did not seemingly frustrate plaintiff's ability to choose his response. Indeed, plaintiff successfully disputed the debt. For all these reasons, plaintiff's claims pursuant to § 1692e are appropriate for summary judgment.

B.  *§ 1692f*

Plaintiff also asserts that defendant violated § 1692f of the FDCPA, that is, he asserts that defendant used unfair or unconscionable means to collect the Account. Congress passed the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *Donohue*, 592 F.3d at 1032 ("FDCPA's purpose is to protect unsophisticated consumers"). To that end, the statute prohibits debt collectors from trying to collect any amount that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Again, the action of reporting to the CRAs was not done in connection with the collection of the debt under the FDCPA. Instead the Account was accurately reported as disputed to the CRAs. This does constitute unfair or unconscionable means to collect the Account. Thus, I find that plaintiff's claim that defendant has liability under § 1692f is without merit.[4]

II.  *FCRA Claims*

Plaintiff also claims that defendant violated § 1681b(f) and § 1681q of the FCRA. He alleges that defendant misused his social security number to obtain an unauthorized consumer report from the CRA's. Defendant moves for summary judgment for these claims, arguing that it never had plaintiff's social security, nor did the information it received from the CRAs constitute a consumer report.

A.  *1681b(f)*

§ 1681b(f) of the FCRA provides that "[a] person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished [under Section 1681b]." 15 U.S.C.

---

[4] Given that I have found that defendant's actions did not violate the FDCPA, there is no need for me to discuss defendant's bona fide error defense.

Page 6 – OPINION AND ORDER

§ 1681b(f). Section 1681b(a)(3)(A) allows a CRA to furnish a consumer report "[t]o a person which it has reason to believe . . . intends to use the information in connection with . . . [the] review or collection of an account of the consumer." A consumer report is "any . . . communication . . . bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living . . . ." 15 U.S.C. § 1681a(d)(1).

Here, plaintiff complains that his consumer report was obtained by defendant for an unauthorized purpose. While plaintiff alleged in his complaint that defendant had impermissibly used his social security number to obtain a consumer report, he admitted in briefing that there is no evidence to support that contention. Rather in his response to this motion he argues, for the first time, that information received by defendant constituted an unauthorized consumer report. However, it is important to note that what he refers to as a credit report was actually basic contact information furnished by CRA's to defendant. Plaintiff avers that this information is subsumed within his "mode of living" under § 1681a(d)(1).

Plaintiff's claim fails for several reasons. As noted above, defendant stipulated in his response that there is no evidence of a wrongful use of his social security number. His argument that the basic contact information obtained by defendant from the CRAs constitutes a consumer report is raised for the first time in briefing. Advancing new claims in response to a motion for summary judgment is disfavored. *See Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.")

Nevertheless, even addressing this new argument, I would still hold that defendant's actions did not violate § 1681b(f). First, I note that the basic contact information obtained from

Page 7 – OPINION AND ORDER

the CRAs did not constitute a credit report. *See Harrington v. Choicepoint Inc.*, 2006 WL 8198396 (C.D. Cal. Oct. 11, 2006) (holding that reports containing names addresses, dates of birth and Social Security numbers did not bear on any factors listed in § 1681a(d)(1)).[5] Numerous courts have held that more detailed information than is present here, did not constitute a consumer report. *See Individual Reference Servs. Group v. FTC*, 145 F.Supp.2d 6, 17 (D.D.C.2001) (held that name, address, Social Security number and phone number did not bear on the § 1681a(d)(1) factors); *Ali v. Vikar Mgmt. Ltd.*, 994 F.Supp. 492, 497 (S.D.N.Y 1998) ("[N]o restriction is put on the use of information that is not a 'consumer report' as defined by 15 U.S.C. § 1681a(d)(1). Address information on a consumer, for example, is not a consumer report because it is not information that bears on any of the characteristics described in 15 U.S.C. § 1681a(d)(1)."); *Dotzler v. Perot*, 914 F.Supp. 328, 330 (E.D.Mo.1996) (held that name, current and former addresses and Social Security number did not bear on the § 1681a(d)(1) factors), *aff'd*, 124 F.3d 207 (8th Cir.1997).[6]

Finally, I hold that defendant obtained the contact information for a permissible purpose under the statute. Again, CRAs are permitted to "furnish a consumer report . . . [t]o a person which it has reason to believe . . . intends to use the information in connection with . . . [the]review or collection of an account of the consumer." 15 U.S.C. § 1681b(a)(3)(A). It is not

---

[5] "[I]f the seven-factor statutory test is to be applied at such a level of generality or attenuation that even very basic, publicly available information of the type at issue here qualifies a communication as a consumer report, then virtually any information about a person will be deemed to satisfy the content prong of the consumer report definition." *Id.* at 8.

[6] The court in *Dotzler* noted that the Federal Trade Commission, in its Commentary had specifically addressed this issue and opined that a "report limited solely to the consumer's name and address alone, with no connotations as to credit worthiness or other characteristics, does not constitute a 'consumer report,' if it does not bear on any of the seven factors." Dotzler, 914 F. Supp. at 331 (quoting FTC Commentary to the FCRA, 16 C.F.R. § 600 App. at 379–80 (1995)).

disputed that defendant was obtaining the information in connection with the collection of a debt. It was trying to locate the debtor who owned the Account. For all of these reasons, defendant's Motion for Summary Judgment on plaintiff's FCRA claim pursuant to § 1681b(f) is granted.

B.  *1681q*

The FCRA provides for civil liability and criminal penalties for those who do not comply with the Act. Section 1681q provides a criminal penalty for "knowingly and willfully obtain[ing] information on a consumer from a consumer reporting agency under false pretenses." 15 U.S.C. § 1681q. The Ninth Circuit has established that "[n]oncompliance with § 1681q thereby forms a basis of civil liability under § 1681n." *Hansen v. Morgan*, 582 F.2d 1214, 1221 (9th Cir. 1978).

"The standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." *Id.* at 1219. Therefore, if a user requests information for a purpose not permitted by § 1681b, while representing to the reporting agency that the report will be used for a permissible purpose, the user may be subject to civil liability for obtaining information under false pretenses. *Id.*

Here, there is no evidence that defendant requested information for a purpose other than to collect on the delinquent Account which, as noted above, is authorized by 15 U.S.C. § 1681b(a)(3)(A). Because defendant obtained the credit report for the purpose of collecting on an account and did not obtain the credit report under false pretenses, defendant did not violate § 1681q. Defendant's motion for summary judgment is therefore granted as to that claim.

III. *Tort Claims*[7]

In his defamation claim, plaintiff alleges that "defendant intended to publish information it knew was false when it reported to consumer reporting agencies that [p]laintiff owed [t]he [d]ebt to [d]efendant," and that the publication was malicious in nature. Pl. Complaint ¶ 35, 36. Defendant argues that the FCRA preempts state common law claims that are based on allegations of false reporting to the CRAs, including the state common law claim of defamation. Alternatively, defendant asserts that even if the defamation claim is not preempted, the alleged defamatory statement was not false.

15 U.S.C. § 1681h(e) states that "No consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." § 1681h(e). This statute seemingly allows state law actions for defamation as long as the plaintiff can show falsity and malice. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009).

15 U.S.C. § 1681t(b)(1)(F), however, addresses more generally the FCRA's relation to state laws. It provides that no requirement or prohibition may be imposed with respect to any subject matter regulated under specific sections relating to the responsibilities of persons who furnish information to consumer reporting agencies. § 1681t(b)(1)(F). This statute can be read to preempt all state law claims based on a creditor's actions in furnishing information to credit reporting agencies. *Wood v. Nationstar Mortg., LLC*, 2017 WL 3484664, at 7 (D. Or. 2017). "The analysis for courts has become this: 1) are state law claims preempted by § 1681t(b)(1)(F);

---

[7] As noted above, plaintiff has withdrawn his fraud claim, leaving only his claim for defamation to be considered for summary judgment.

Page 10 – OPINION AND ORDER

and, if not, 2) does the claim fall within the exception of § 1681h(e) by alleging that the information was false and furnished with malice?" *Id.*

These two statutes within the FCRA, § 1681h(e) and § 1681t(b)(1)(F), and their interaction, have been "the basis of much judicial consternation." *Id.* There are essentially two approaches that courts have taken in dealing with these seemingly conflicting statutes. The first approach is the "total preemption" approach and is likely the majority view. *See, e.g., Cope v. MBNA Am. Bank, NA*, 2006 WL 655742 at 9 (D.Or. 2006) (Judge Brown adopting total preemption approach). Under this approach, the second, later passed statute, § 1681t(b)(1)(F), effectively repeals the first, § 1681h(e), resulting in preemption of state statutory and common law actions.

More recently, other courts in this district have adopted what has been termed the "statutory approach." *See Weseman v. Wells Fargo Home Mortg., Inc*, 2008 WL 542961, at *3 (D.Or. 2008) (Judge Mosman adopting the statutory approach); *Blair v. Bank of America, N.A.* 2012, WL 860411 at 6 (D.Or. 2012) (Judge Simon adopting Judge Mosman's reasoning in *Weseman*); *Wood*, 2017 WL 3484664 at 7 (Judge McShane adopting the statutory approach.) Under the statutory approach, § 1681t(b)(1)(F) preempts only state law claims against credit information furnishers brought under state statutes while § 1681h(e) preempts state common law claims. *Wood*, 2017 WL 3484664 at 7.

I also adopt the statutory approach as the more legally sound course. While the total preemption approach gives full fidelity to the language of § 1681 t(b)(1)(F), it ignores important legal principles and context by rendering § 1681h(e) superfluous. *Id.* Importantly, the total preemption approach "violates a canon of statutory construction by allowing a general statute to trump a specific statute." *Weseman* 2008 WL 542961, at *4. As noted in *Wood*, if Congress had

intended to repeal § 1681h(e), they could have done so directly. 2017 WL 3484664 at 7. "A cardinal rule of statutory construction is that a repeal by implication is disfavored." *Donaldson v. United States*, 653 F.2d 414, 418 (9th Cir. 1981); *Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 424 (E.D. Pa. 2006) (adopting the statutory approach).

Thus, I turn to the question of whether plaintiff's claim falls within the exception of § 1681h(e) by alleging that the information provided by defendant to CRAs was false and furnished with malice. *See Gorman*, 584 F.3d at 1166.

Regarding falsity, I find that the representation made by defendant that the Account in question was "disputed" was not false. Regarding malice, I find that the information was not furnished with malice or willful intent to injure plaintiff. The Ninth Circuit has adopted the standard found in *New York Times v. Sullivan*, 376 U.S. 254, 279–80, 84 (1964), for malice. *Gorman*, 584 F.3d at 1168. This standard requires the publication be made "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times*, 376 U.S. at 280. After an examining the record as whole, there is no support for plaintiff's allegations of malice under this standard. The only applicable facts are that on April 26, 2015, defendant reported the Account as "disputed" to the CRAs. The information was not false, and there is no evidence that it was furnished with malice or willful intent to injure the plaintiff. Absent allegations of further willful behavior or knowledge by defendant, plaintiff's common law defamation claim is preempted by § 1681h(e).

Finally, even if the state common law tort claim was not preempted, plaintiff's claim for defamation would still be subject to summary judgment. In Oregon, the elements of a claim for defamation are: (1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore

Page 12 – OPINION AND ORDER

gives rise to presumptive special harm. *Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Starplex Corp.*, 188 P.3d 332, 347 (Or. App. 2008). Additionally, a defamatory statement must be false. *Reesman v. Highfill*, 965 P.2d 1030, 1034 (1998) ("[t]o be actionable, a communication must be both false and defamatory").

Here, as stated previously, the information defendant conveyed to the CRAs was simply that the Account was disputed, which was in fact true. Defendant's report to the CRAs that an Account held by plaintiff was in dispute was not false and therefore not a defamatory statement. Thus, plaintiff falls short of proving the first element of defamation.

## CONCLUSION

For the reasons set forth above, defendant's Motion for Summary Judgment (doc. 27) is GRANTED.[8] Accordingly, this case is dismissed.

IT IS SO ORDERED.

Dated this 19th day of March 2018.

_____
Ann Aiken
United States District Judge

---

[8] Given the nature of this ruling, there is no need for me to consider defendant's summary judgment arguments regarding damages.

Page 13 – OPINION AND ORDER